# UNITED STATES DISTRICT COURT
## Northern District of Texas
## Fort Worth Division

| | | |
|---|---|---|
| **Michael Barack, Michelle Barack**, and **Gerald Busbee**, individually and on behalf of a class | § § § § | |
| Plaintiffs, | § § | |
| | § | CA No: 4:23-cv-615 |
| v. | § § | |
| **Bankroll Capital Inc.** | § § | |
| Defendant | § | |

### Complaint - Class Action

## 1. Introduction

1.1. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls." The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991 generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

1.2. This action arises out of Defendant, Bankroll Capital's ("Defendant"), practice of making prerecorded telemarketing calls to individuals without prior express written consent (or any consent whatsoever), in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA") and provisions of the Texas Business

& Commerce Code.

1.3. Plaintiffs have done no business with Defendant and have not provided Defendant prior express written consent to call their cellular telephones with prerecorded messages.

1.4. Accordingly, Plaintiffs bring this TCPA action on behalf of themselves and two classes of similarly situated individuals under 47 U.S.C. §§ 227(b) and Texas Business & Commerce Code § 305.053.

## 2. JURISDICTION AND VENUE

2.1. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

2.2. This Court also has supplemental jurisdiction over the state law claim under 28 U.S.C. § 1367(a), because it is so closely related to the federal claims that they form a single case or controversy.

2.3. This Court has jurisdiction over Defendant because Defendant conducts business transactions in this District and has committed tortious acts in this District.

2.4. Venue is proper in this District because some of the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

## 3. PARTIES

3.1. Plaintiff Michael Barack is, and at all times mentioned herein was, a citizen and resident of Grapevine, Texas.

3.2. Michael Barack is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

3.3. Michael Barack is, and at all times mentioned herein was, a "person" as defined by Tex.

Bus. & Com. Code § 1.201(b)(27).

3.4. Plaintiff Michelle Barack is, and at all times mentioned herein was, a citizen and resident of Grapevine, Texas.

3.5. Michelle Barack is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

3.6. Michelle Barack is, and at all times mentioned herein was, a "person" as defined by Tex. Bus. & Com. Code § 1.201(b)(27).

3.7. Plaintiff Gerald Busbee is, and at all times mentioned herein was, a citizen and resident of Hurst, Texas.

3.8. Gerald Busbee is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

3.9. Gerald Busbee is, and at all times mentioned herein was, a "person" as defined by Tex. Bus. & Com. Code § 1.201(b)(27).

3.10. Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

3.11. Defendant is, and at all times mentioned herein was, a "person" as defined by Tex. Bus. & Com. Code § 1.201(b)(27).

3.12. Defendant Bankroll Capital Inc. is, and at all times mentioned herein was, a California entity with an address of 500 Technology Drive, Suite 350, Irvine, California 96218.

## 4. The Law Regarding Robocalls

4.1. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

4.2. The TCPA makes it unlawful to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service or that is charged per the call. *See* 47 U.S.C. § 227(b)(1)(A)(iii).

4.3. The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A) or 47 U.S.C. § 227(b)(1)(B). *See* 47 U.S.C. § 227(b)(3).

4.4. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

4.5. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a

telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 27 F.C.C. Rcd. 1830, 1844 (2012).

## 5. THE NATIONAL DO NOT CALL REGISTRY

5.1. The national Do Not Call Registry (the "Registry") allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. See 47 C.F.R. § 64.1200(c)(2). A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

5.2. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential and wireless telephone subscribers to the Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

5.3. The regulations exempt from liability a caller who has obtained the subscriber's signed, written agreement to receive telephone solicitations from the caller. 47 C.F.R. § 64.1200(c)(2)(ii). That agreement must also include the telephone number to which the calls may be placed. *Id.*

5.4. The Federal Communications Commission found that it "must mandate procedures for establishing company-specific do-not-call lists to ensure effective compliance with and enforcement of the requirements for protecting consumer privacy." *Id.* at ¶ 24.

5.5. These regulations are codified at 47 CFR 64.1200(d)(1)-(7).

5.6. Specifically, these regulations require a company to keep a written policy, available upon

demand, for maintaining a do-not-call list, train personnel engaged in telemarketing on the existence and use of its internal do-not-call list, and record and honor "do not call" requests for no less than five years from the time the request is made. 47 CFR § 64.1200(d) (1, 2, 3, 6).

5.7. Accordingly, all telemarketing texts violate the TCPA, unless MTX Realty can demonstrate that it has the required written do not call policy.

5.8. There is a private right of action to enforce 47 C.F.R. § 64.1200(d) through § 227(c):

> [S]ection 227(c)(5)… empowers 'any person' to sue for damages and injunctive relief for do-not-call violations 'by or on behalf of' a company. In accordance with this statutory provision, the Commission's company-specific do-not-call rules provide that '[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity[.]' 47 C.F.R. § 64.1200(d).

*In re Dish Network*, 28 FCC. Rcd. 6574, ¶ 29 (2013).

5.9. These requirements are separate but cumulative.  In other words, a company must comply with both the procedures for the company specific do-not-call list *and* the procedures for complying with the national "do not call" database regulations. A failure to comply with either is distinct a violation of 47 U.S.C. § 227(c).

5.10.    Although some of these requirements mention "residential" telephones, they were all extended to cover calls to cellular telephones as well as residential telephones. 47 CFR § 64.1200(e); *Hunsinger v. Alpha Cash Buyers, LLC*, No. 3:21-CV-1598-D, 2022 WL 562761, at *2–3 (N.D. Tex. Feb. 24, 2022).

## 6. Texas' Anti Solicitation and Robo-Calling Statutes

6.1. Section 302.101 of the Texas Business & Commerce Code prohibits sellers from engaging in telephone solicitation from a location in this state or to a purchaser located in this state unless the seller obtains a registration certificate from the Office of the Secretary of State for the business location from which the solicitation is made.

6.2. Sellers engaging in telephone solicitations are required to register, and among other things, list "each telephone number to be used by the seller and the address where each telephone using the number is located." §302.151(10).

6.3. Section 302.302(a) of the Texas Business & Commerce Code provides that a person who violates this chapter is subject to a civil penalty of no more than $5,000 for each violation. Furthermore, section 302.302(d) provides that the party bringing the action is also entitled to recover all reasonable cost of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorneys' fees.

6.4. Pursuant to section 305.053(a) of the Texas Business & Commerce Code, a person who receives a communication that violates 47 U.S.C. § 227, or a regulation adopted under that provision, may bring an action against the person who originates the communication for an injunction, damages or both.

7. **GENERAL FACTUAL ALLEGATIONS**

7.1. Defendant, or someone acting on its behalf and at its direction, makes prerecorded telemarketing calls marketing its business funding services.

7.2. Because these calls were made with an artificial or prerecorded voice and made to cell phones the calls violate the TCPA.

8. **PLAINTIFF MICHAEL BARACK'S FACTUAL ALLEGATIONS**

8.1.  Michael Barack is the owner and user of a cellular telephone number 817-657-4850.

8.2.  Michael Barack's cellular telephone number 817-657-4850 is used for residential purposes.

8.3.  Michael Barack's cellular telephone number 817-657-4850 is a telephone number assigned to a cellular telephone service. *Breda v. Cellco P'ship*, 934 F.3d 1, 4–5 (1st Cir. 2019); *Susinno v. Work Out World, Inc.*, 862 F.3d 346, 349 (3d Cir. 2017); *Osorio v. State Farm Bank*, 746 F.3d 1242, 1257 (11th Cir. 2014); *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946 (9th Cir. 2009); *Diugosh v. Directbuy, Inc. of San Antonio*, 2013 WL 5773043 (W.D. Tex. Oct. 24, 2013).

8.4.  Michael Barack received Defendant's prerecorded telephone call on his cellular residential number 817-657-4850 as described herein.

8.5.  On March 31, 2023, at approximately 10:29 AM 1:31 AM, Michael Barack received a prerecorded call from "Kate" with Defendant.

8.6.  On April 26, 2023, at approximately 3:31 PM, Michael Barack received a second prerecorded call from "Kate" with Defendant.

8.7.  On May 10, 2023, at approximately 3:25 PM, Michael Barack received a third prerecorded call from "Kate" with Defendant.

8.8.  Michael Barack listened to the messages.

8.9.  The voicemails were a prerecorded voice message from Defendant offering business funding/loans.

8.10.   Michael Barack did not provide prior express written consent (or any consent) to Defendant for this or any telephone call.

8.11.    At no time did Michael Barack contact Defendant **prior** to receiving the unwelcome robo-call.

## 9. Plaintiff Michelle Barack's Factual Allegations

9.1. Michelle Barack is the owner and user of a cellular telephone number 817-683-8532.

9.2. Michelle Barack's cellular telephone number 817-683-8532 is used for residential purposes.

9.3. Michelle Barack's cellular telephone number 817-683-8532 is a telephone number assigned to a cellular telephone service. *Breda v. Cellco P'ship*, 934 F.3d 1, 4–5 (1st Cir. 2019); *Susinno v. Work Out World, Inc.*, 862 F.3d 346, 349 (3d Cir. 2017); *Osorio v. State Farm Bank*, 746 F.3d 1242, 1257 (11th Cir. 2014); *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946 (9th Cir. 2009); *Diugosh v. Directbuy, Inc. of San Antonio*, 2013 WL 5773043 (W.D. Tex. Oct. 24, 2013).

9.4. Michelle Barack received Defendant's prerecorded telephone call on her cellular residential number 817-683-8532 as described herein.

9.5. On March 31, 2023, Michelle Barack received a prerecorded call from "Kate" with Defendant.

9.6. Michelle Barack listened to the message.

9.7. The voicemail was a prerecorded voice message from Defendant.

9.8. The voicemail was a prerecorded voice message from Defendant offering business funding/loans.

9.9. Michelle Barack did not provide prior express written consent (or any consent) to Defendant for this or any telephone call.

## 10. PLAINTIFF GERALD BUSBEE'S FACTUAL ALLEGATIONS

10.1.    Busbee is the owner and user of a cellular telephone number 817-683-6749.

10.2.    Busbee's cellular telephone number 817-683-6749 is used for residential purposes.

10.3.    Busbee's cellular telephone number 817-683-6749 is a telephone number assigned to a cellular telephone service. *Breda v. Cellco P'ship*, 934 F.3d 1, 4–5 (1st Cir. 2019); *Susinno v. Work Out World, Inc.*, 862 F.3d 346, 349 (3d Cir. 2017); *Osorio v. State Farm Bank*, 746 F.3d 1242, 1257 (11th Cir. 2014); *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946 (9th Cir. 2009); *Diugosh v. Directbuy, Inc. of San Antonio*, 2013 WL 5773043 (W.D. Tex. Oct. 24, 2013).

10.4.    Busbee received Defendant's prerecorded telephone call and text on his cellular residential number 817-683-6749 as described herein.

10.5.    On April 27, 2023, at approximately 3:42 PM, Busbee received a prerecorded call from "Kate" with Defendant.

10.6.    On May 16, 2023, at approximately 7:09 PM, Michael Barack received a second prerecorded call from "Kate" with Defendant.

10.7.    Busbee listened to the messages.

10.8.    The voicemails were a prerecorded voice message from Defendant offering business funding/loans.

10.9.    Busbee did not provide prior express written consent (or any consent) to Defendant for these or any telephone calls.

## 11. DEFENDANT'S LIABILITY

11.1.Because Defendant's calls constitute telemarketing, Defendant was required to obtain

prior express written consent from the persons to whom Defendant made calls.

11.2.    "Prior express written consent" is specifically defined by statute as:

11.2.1.    [A]n agreement, in writing, bearing the signature of the person called **that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice**, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered. 47 C.F.R. §64.1200(f)(8)

11.3. Plaintiffs never provided Defendant with any consent, written or otherwise.

11.4.    Accordingly, each of Defendant's telemarketing calls to Plaintiffs using an artificial or prerecorded voice violated 47 U.S.C. § 227(b).

11.5. For violations of 47 U.S.C. § 227(b), Plaintiffs are entitled to a minimum of $500 per call.

11.6.    Plaintiffs are entitled to $1,500 per call if Defendant's actions are found to be knowing or willful.

11.7. Evidence of the willful nature of the violations is that the number left by Defendant does not connect with a person, only the same recording that was initially left by Defendant. Thus, recipients of the calls can only determine who is calling if Defendant allows them to do so. Defendant does this to protect their identity from recipients who are bothered by the calls and potentially want to enforce their rights under the TCPA and various state laws.

11.8.    In addition, pursuant to § 305.053(a) of the Texas Business & Commerce Code, a person who receives a communication that violates 47 U.S.C. § 227, or a regulation adopted under that provision, may bring an action against the person who originates the

communication for an injunction, damages or both.

11.9.    As set forth above, Defendant violated 47 U.S.C. § 227, or a regulation adopted under that provision.

11.10.    Accordingly, Plaintiffs are entitled to a permanent injunction, and the greater of $500.00 for each violation or Plaintiffs' actual damages for each call made by Defendant. *See* Tex. Bus. & Com. Code § 305.053(b).

11.11.    Plaintiffs are entitled to an additional $1,500 per call if Defendant's actions are found to be knowing or intentional.  *See* Tex. Bus. & Com. Code § 305.053(c).

11.11.1.

## 12. Article III Standing

12.1.    Plaintiffs have Article III standing for their claim under the TCPA. *Spokeo, Inc., v. Thomas Robins*, 136 S. Ct. 1540 (2016). *See also*, *Cranor v. 5 Star Nutrition, L.L.C.,* 998 F.3d 686, 690 (5th Cir. 2021); *Jamison v. Esurance Ins. Servs., Inc.,* No. 3:15-CV-2484-B, 2016 WL 320646, at *3 (N.D. Tex. Jan. 27, 2016).

12.2.    Plaintiffs were harmed by Defendants' actions of calling their residential phone while the telephone numbers were on the Do Not Call Registry, without consent and with a pre-recorded voice in the following manners:

12.2.1.    Plaintiffs' privacy was invaded by Defendants;

12.2.2.    Plaintiffs were harassed and abused by Defendants' telephone calls;

12.2.3.    Defendants' calls were a nuisance to Plaintiffs;

12.2.4.    Plaintiffs' phones were unavailable for other use while processing the illegal calls from Defendants;

12.2.5.      Defendants illegally seized Plaintiffs' telephone lines while they made illegal the illegal calls to Plaintiffs' cellular telephones;

12.2.6.      Plaintiffs' telephone lines were occupied by the unauthorized calls from Defendants;

12.2.7.      Defendants' seizure of Plaintiffs' telephone lines was intrusive; and

12.2.8.      Plaintiffs were inconvenienced by Defendants' calls, by among other things, having to listen to the prerecorded message

12.3.      These forms of actual injury are sufficient for Article III standing purposes.

## 13. CLASS ACTION ALLEGATIONS

13.1. Plaintiffs bring this action under Fed. R. Civ. P. 23 on behalf of two proposed "Classes," the "TCPA Class" and the "Texas Class" as defined as follows:

13.1.1.      "TCPA 227(b) Class"

13.1.1.1.  Since June 16, 2019, Plaintiff and all persons within the United States to whose cellular telephone number Defendant placed (or had placed on its behalf) a prerecorded or artificial voice telemarketing call.

13.1.2.      Texas § 305.053 Class"

13.1.2.1.  Since June 16, 2019, Plaintiff and all residents of the State of Texas to whose telephone number Defendant: (1) placed (or had placed on its behalf) a call in violation of 47 U.S.C. § 227 or regulation promulgated thereunder.

13.2.      "DNC Class"

13.2.1.  Since June 16, 2019, Plaintiff and all persons within the United States to all persons within the United States whose phone numbers were registered on the Do Not Call Registry for more than 31 days prior to receiving calls from, or on behalf of, Defendant, and who, since June 16, 2019, received more than one telemarketing text on their residential cellular line within any twelve-month period from, or on behalf of, Defendant.

13.3.    "Texas § 302.101 Class"

    13.3.1.    Since June 16, 2019, Plaintiffs and all residents of the State of Texas to whose telephone number Defendant placed (or had placed on its behalf) a telephone solicitation when Defendant did not hold a registration certificate as required by Tex. Bus. & Com. Code § 302.101.

13.4.    The TCPA Class, the DNC Class and the Texas Class are collectively referred to herein as the "Classes."

13.5.    Excluded from the Classes are Defendant and any entities in which Defendant has a controlling interest; Defendant's agents and employees; any Judge and Magistrate Judge to whom this action is assigned and any member of their staffs and immediate families.

13.6.    The Members of the Classes for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

13.7.    The exact number and identities of the persons who fit within the Classes are ascertainable in that Defendant and third parties maintain written and electronically stored data showing:

    13.7.1.    The time period(s) during which Defendant placed its calls;

    13.7.2.    The telephone numbers to which Defendant placed its calls;

    13.7.3.    The telephone numbers for which Defendant had prior express written consent;

    13.7.4.    The purposes of such calls; and

    13.7.5.    The names and addresses of Class members.

13.8.   The Classes are comprised of hundreds, if not thousands, of individuals.

13.9.   There are common questions of law and fact affecting the rights of the Members of the Classes, including, *inter alia*, the following:

13.9.1.   Whether Defendant (or someone acting on its behalf) used an artificial or prerecorded voice in placing its calls;

13.9.2.   Whether Defendant (or someone acting on its behalf) obtains prior express written consent;

13.9.3.   Whether Plaintiff and the Classes were damaged thereby, and the extent of damages for such violations; and

13.9.4.   Whether Defendant should be enjoined from engaging in such conduct in the future.

13.10.   Plaintiffs are members of the Classes in that Defendant placed one or more calls using an artificial or prerecorded voice to Plaintiffs' cells phones.

13.11.   Plaintiffs' claims are typical of the claims of the Members of the Classes in that they arise from Defendant's uniform conduct and are based on the same legal theories as these claims.

13.12.   Plaintiffs and all putative Members of the Classes have also necessarily suffered concrete harm in addition to statutory damages, as all Members of the Classes spent time tending to Defendant's unwanted calls and suffered a nuisance and an invasion of their privacy.

13.13.   Plaintiffs have no interests antagonistic to, or in conflict with, the Classes.

13.14.    Plaintiffs will thoroughly and adequately protect the interests of the Classes, having retained qualified and competent legal counsel to represent her and the Classes.

13.15.    Defendant has acted and refused to act on grounds generally applicable to the Classes, thereby making injunctive and declaratory relief appropriate for the Classes.

13.16.    The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

13.17.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy since, *inter alia*, the damages suffered by each class member make individual actions uneconomical.

13.18.    Common questions will predominate, and there will be no unusual manageability issues.

## 14. FIRST CAUSE OF ACTION -Violations of the TCPA, 47 U.S.C. § 227(b) (On Behalf of Plaintiffs and the TCPA 227(b) Class)

14.1.    Plaintiffs and the proposed TCPA 227(b) Class incorporate the foregoing allegations as if fully set forth herein.

14.2.    Defendant placed, or had placed on its behalf, prerecorded telemarketing telephone call to Plaintiffs' and TCPA 227(b) Class Members' cellular telephone numbers without prior express written consent.

14.3.    Defendant has therefore violated 47 U.S.C. § 227(b).

14.4.    As a result of Defendant's unlawful conduct, Plaintiffs and TCPA 227(b) Class Members are entitled to an award of $500 in statutory damages for each call, pursuant to 47 U.S.C. § 227(b)(3)(B).

14.5.     Plaintiffs and the TCPA 227(b) Class Members are entitled to an award of treble damages in an amount up to $1,500 for each call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(b)(3).

## 15. SECOND CAUSE OF ACTION : Violation of the TCPA's Do Not Call provisions on behalf of Plaintiffs and the DNC Class.

15.1. Michael Barack and Busbee incorporate the allegations from all previous paragraphs as if fully set forth herein.

15.2.     Defendant violated the TCPA by initiating more than one telephone solicitation in a twelve-month period to persons and entities whose telephone numbers were listed on the Do Not Call Registry and who had not consented to receive the texts. *See* 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

15.3.     Defendant's violations were negligent or knowing/willful.

15.4.     Relief Sought: For himself and all class members, Plaintiffs request the following relief:

15.4.1.     That Defendant be restrained from engaging in future telemarketing in violation of the TCPA.

15.4.2.     That Defendant, and its agents, or anyone acting on their behalf, be immediately restrained from altering, deleting or destroying any documents or records that could be used to identify class members.

15.4.3.     That the Court certify the claims of the named Plaintiffs and all other persons similarly situated as class action claims under Rule 23 of the Federal Rules of Civil Procedure and Plaintiff's counsel be named as counsel for the classes.

15.4.4.    That the Plaintiffs and all class members be awarded statutory damages of $500 for each violation, with triple damages for any willful or knowing violation, as provided by the law.

15.4.5.    That the Plaintiffs recover their attorneys' fees and costs.

15.5.    That the Plaintiffs and all class members be granted other relief as is just and equitable under the circumstances.

## 16. THIRD CAUSE OF ACTION – Violations of Texas § 305.053 Class (On Behalf of Plaintiffs and the Texas § 305.053 Class)

16.1.    Plaintiffs and the proposed Texas § 305.053 Class incorporate the foregoing allegations as if fully set forth herein.

16.2.    Defendant placed, or had placed on its behalf, at least one prerecorded telemarketing telephone call to Plaintiffs' and Texas § 305.053 Class Members' cellular telephone numbers.

16.3.    Each of these calls violated 47 U.S.C. § 227(b).

16.4.    Plaintiffs and Texas § 305.053 Class Members are entitled to:

16.4.1.    a permanent injunction to prevent any further violations of the Texas Business & Commerce Code, Chapter 305;

16.4.2.    the greater of $500 for each violation or Plaintiffs' and Texas § 305.053 Class Members' actual damages (*see* Tex Bus. & Com. Code §304.053(b);

16.4.3.    the greater of $1,500 for each violation or Plaintiffs' and Texas § 305.053 Class Members' actual damages for each call made knowingly or intentionally (*see* Tex. Bus. & Com. Code §304.053(c).

16.4.4.

17. **FOURTH CAUSE OF ACTION - Violations of Texas Business and Commerce Code, § 302.101 (On Behalf of Plaintiffs and the Texas § 302.101 Class)**

17.1. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

17.2.  Plaintiffs are "consumers" as defined by § 301.001(2) of the Texas Business & Commerce Code.

17.3.  Defendant is a "telephone solicitor" as defined by § 301.001(5)) of the Texas Business & Commerce Code. Defendant attempted to sell its lending services.

17.4.  No exemptions to the registration requirements apply.

17.5.  §302.101 of the Texas Business & Commerce Code prohibits sellers from engaging in telephone solicitation from a location in this state or to a purchaser located in this state unless the seller obtains a registration certificate from the Office of the Secretary of State for the business location from which the solicitation is made.

17.6.  Sellers engaging in telephone solicitations are required to register, among other things, list "each telephone number to be used by the seller and the address where each telephone using the number is located." §302.151(10).

17.7.  Defendant has failed to register pursuant to § 302.101 of the Texas Business & Commercial Code to provide telephone solicitations.

17.8.  Defendant placed telephone solicitations to Plaintiffs' and the Texas § 302.101 Class Members' telephone numbers.

17.9.  Defendant's telephone solicitations were made from a location in Texas or to Plaintiffs and the Texas § 302.101 Class Members located in Texas.

17.10.  Plaintiff and the Texas § 302.101 Class Members are entitled to an award of up to $5,000 for each violation and all reasonable cost of prosecuting the action, including

court costs and investigation costs, deposition expenses, witness fees, and attorney's fees.

## 18. Prayer for Relief

18.1.　　**WHEREFORE**, Plaintiffs, individually and on behalf of the Classes, pray for the following relief:

18.1.1.　　An order certifying the Classes as defined above, appointing Plaintiffs as the representatives of the Classes and appointing their counsel as Class Counsel;

18.1.2.　　An order declaring that Defendant's actions, as set out above, violate 47 U.S.C. §§ 227(b);

18.1.3.　　An award of injunctive and other equitable relief as necessary to protect the interests of the Classes, including, *inter alia*, an order prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

18.1.4.　　An award of statutory damages;

18.1.5.　　An award of treble damages;

18.1.6.　　An award of reasonable attorneys' fees and costs; and

18.1.7.　　Such other and further relief that the Court deems reasonable and just.

## 19. Jury Demand

19.1.　　Plaintiffs request a trial by jury of all claims that can be so tried.

Respectfully submitted,

By:     */s/ Chris R. Miltenberger*
          Chris R. Miltenberger
          Texas Bar Number: 14171200

**The Law Office of Chris R.**
**Miltenberger, PLLC**
1360 N. White Chapel, Suite 200
Southlake, Texas 76092-4322
817-416-5060 (office)
817-416-5062 (fax)
chris@crmlawpractice.com

**Attorneys for Plaintiff**