# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | |
|---|---|
| **Michael Barack, Michelle Barack**, and **Gerald Busbee**, individually and on behalf of a class<br><br>Plaintiffs,<br><br>v.<br><br>**Bankroll Capital Inc.**<br><br>Defendant | §<br>§<br>§<br>§<br>§<br>§<br>§  CA No: 4:23-cv-00615-O<br>§<br>§<br>§<br>§<br>§ |

## PLAINTIFFS' STATUS REPORT

Although properly served, Defendant has neither responded nor otherwise appeared in this action. The Court requested the Plaintiffs to inform the Court regarding certain matters.

1. Plaintiff's counsel has not had any correspondence with Defendant's counsel in this case. On July 25, Plaintiff's counsel sent the email attached as Exhibit A to attorneys who represented Defendant in a separate TCPA case. The attorneys responded that they had not been retained to represent Defendant in the current matter.

2. Plaintiffs request that they be provided 6 months to conduct class discovery and file a motion for class certification. Entry of default does

not alter the Court's analysis for class certification. *Whitaker v. Bennett Law,* PLLC, No. 13-CV-3145-L NLS, 2014 WL 5454398, at *3 (S.D. Cal. Oct. 27, 2014). Certification under Rule 23 remains a necessary procedural requirement for the class to recover damages. The prerequisites imposed by Rule 23 serve "the important function of protecting absent class members whose rights may be affected by the class certification." *Davis v. Hutchins,* 321 F.3d 641, 649 (7th Cir.2003) (citing *Davis v. Romney,* 490 F.2d 1360, 1366 (3d Cir.1974)). As such, "relief cannot be granted to a class before an order has been entered determining that class treatment is proper." *Romney,* 490 F.2d at 1366.

3. Courts have routinely repeatedly granted representative plaintiffs leave to conduct discovery in support of Class Certification and in furtherance of an ultimate default judgment. *See Leo v. Classmoney.net*, No. 18-CV-80813, 2019 WL 238548, at *2 (S.D. Fla. Jan. 10, 2019); *Wendell H. Stone Co. v. PC*, 18cv1135 (W.D. Pa. Nov. 19, 2018); *Trull v. Plaza Assocs.,* 1998 U.S. Dist. LEXIS 14195 (N.D. Ill. Sept. 1, 1998), *See also; Turner v. Coyote's on the Boulevard, Inc.,* Case No. 08-61072-CIV-MARRA (S.D. Fla. June 12, 2009); and *Whitaker v. Bennett Law, PLLC,* No. 13-CV-3145-L NLS, 2014 WL 5454398 (S.D. Cal. Oct. 27, 2014).

4. If the Court so desires, a separate motion for leave to conduct discovery will be filed.

Respectfully submitted,

By:   */s/ Chris R. Miltenberger*
       Chris R. Miltenberger
       Texas Bar Number: 14171200

**The Law Office of Chris R. Miltenberger, PLLC**

1360 N. White Chapel, Suite 200
Southlake, Texas 76092-4322
817-416-5060 (office)
817-416-5062 (fax)
chris@crmlawpractice.com

Designated as Lead Attorney

**Attorney for Plaintiff**

### Certificate of Service

The undersigned certifies that the foregoing document was filed electronically through the Court's CM/ECF system in compliance with the Local Rules. Defendant has not yet appeared.

By:   */s/ Chris R. Miltenberger*
       Chris R. Miltenberger
