# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **Michael Barack, Michelle Barack**, and **Gerald Busbee**, individually and on behalf of a class | § § § § § | |
| Plaintiffs, | § § § | CA No: 4:23-cv-00615-O |
| v. | § § | |
| **Bankroll Capital Inc.** | § § | |
| Defendant | § § | |

## PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT BANKROLL CAPITAL INC. AND MEMORANDUM IN SUPPORT THEREOF

### I.    STATEMENT OF THE ISSUE BEFORE THE COURT

Plaintiffs, **Michael Barack, Michelle Barack**, and **Gerald Busbee** ("**Plaintiffs**"), move the Court to enter default judgment under Fed. R. Civ. P. 55(b)(2) against Defendant **Bankroll Capital Inc.** ("**Bankroll Capital**" or "**Defendant**") because it has failed to appear, plead, or otherwise defend as provided by the Federal Rules and Plaintiffs are entitled to judgment. The legal and factual bases supporting this Motion are set forth below and in Exhibit A in support hereof filed contemporaneously herewith.

## II.    INTRODUCTION

This is an action to recover for the unlawful actions of Bankroll Capital as set forth in Plaintiffs' Complaint (Dkt. #1).   Plaintiffs brought this action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act ("TCPA") (47 U.S.C. §§ 227(b)(1)(A)(iii)) and the Texas Business and Commerce Code (§ 302.101). *See* Dkt. #1, at ¶ 1.2.

The TCPA prohibits the use of an artificial or prerecorded voice to a wireless number in the absence of an emergency or the prior express consent of the called party.  47 U.S.C. § 227(b)(1)(A)(iii).

§302.101 of the Texas Business & Commerce Code prohibits sellers from engaging in telephone solicitation from a location in this state or to a purchaser located in this state unless the seller obtains a registration certificate from the Office of the Secretary of State for the business location from which the solicitation is made. Sellers engaging in telephone solicitations are required to register, among other things, list "each telephone number to be used by the seller and the address where each telephone using the number is located." §302.151(10).

§302.302(a) of the Texas Business & Commerce Code provides that a person who violates this chapter is subject to a civil penalty of no more than $5,000 for each violation. Furthermore, §302.302(d) provides that the party bringing the action is also entitled to recover all reasonable cost of prosecuting the action,

including court costs and investigation costs, deposition expenses, witness fees, and attorney fees.

Defendant made 6 calls with an artificial or prerecorded voice to Plaintiffs' respective cell phone numbers. Therefore, Defendant violated Section 227(b)(1)(A)(iii) of the TCPA. *See* 47 U.S.C. § 227(b)(1)(A)(iii).

Plaintiffs filed suit on June 16, 2023, against Defendant for such violations. *See* Dkt. #1. Defendant has failed to appear, plead, or otherwise defend in this action for more than 45 days. The Clerk entered the Entry of Default on January 17, 2024 (Dkt. #8). Plaintiffs are now entitled to judgment.

## III.   FACTS

1.   Plaintiffs are the owners and users of the following cellular telephone numbers:

   a.   Michael Barack – 817-657-4850. Dkt. #1, at ¶¶ 8.1-8.4

   b.   Michelle Barack – 817-683-8532. Dkt. #1, at ¶¶ 9.1-9.4

   c.   Gerald Busbee – 817-683-6749. Dkt. #1, at ¶¶ 10.1-10.4

2.   Plaintiffs are the "called party" with respect to the calls placed to their cellular telephone numbers. *See* 47 U.S.C. §227 (b)(1)(A)(iii). Each of the telephone calls at issue were made to Plaintiffs' respective cellular telephone numbers. None of the calls at issue were placed by Defendant to Plaintiffs'

respective cell phone number for "emergency purposes" as specified by the TCPA, 47 U.S.C. §227 (b)(1)(A), nor with the consent of Plaintiffs.  Dkt. #1 ¶ 11.3.

3.     Plaintiffs received the following six calls from Defendant.  Each call used an artificial or prerecorded voice:

    a.   Michael Barack: 3-31-2023, 4-26-2023, and 5-10-2023; Dkt. #1, at ¶¶ 8.5-8.7.

    b.   Michelle Barack: 3-31-2023; Dkt. #1, at ¶ 9.5.

    c.   Gerald Busbee: 4-27-2023 and 5-16-2023; Dkt. #1, at ¶¶ 10.5-10.6.

4.   The telephone calls were for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services.  Dkt. #1, at ¶¶ 8.9, 9.8 and 10.8.

5.     Plaintiffs filed this action on June 16, 2023 (*see* Dkt. #1), to recover for the unlawful actions of Defendant.  Defendant was properly served with a copy of Plaintiff's Complaint in this cause on June 20, 2023.  *See* Dkt. #5.  Pursuant to Federal Rule 55(a), the Clerk entered the Entry of Default against Defendant on January 17, 2024, as Defendant has failed to plead or otherwise defend in this matter.  *See* Dkt. #12; Fed. R. Civ. P. 55(a).

## IV.     STANDARD OF REVIEW

In *McCune v. Zhongyiqun*, No. 4:22-CV-00604-O, 2023 WL 2912483, at *2

(N.D. Tex. Apr. 12, 2023), this Court set forth the details regarding securing a

default judgment against a defendant who has failed to appear as follows:

> Rule 55 of the Federal Rules of Civil Procedure governs the
> entry of default and subsequent default judgment. The Court may
> only enter a default judgment upon the completion of three steps.
> *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, the
> defendant must *default* by failing to plead or otherwise respond to the
> complaint within the time required by the Federal Rules. *Id.* Next, the
> Clerk must *enter default* when the plaintiff establishes default by
> affidavit or otherwise. *Id.* Last, the plaintiff must ask the Court for
> entry of a *default judgment.* Fed. R. Civ. P. 55(b); *N.Y. Life Ins.*, 84
> F.3d at 141.

*Id.* at *1.

In *McCune* this Court set forth this circuit's considerations for determining

whether default judgment should be entered.

First, the Court considers whether entry of default judgment is procedurally

appropriate by weighing a non-exhaustive list of six factors: (1) whether there are

disputed material issues of fact; (2) whether a good faith mistake or excusable

neglect caused the default; (3) whether there has been substantial prejudice; (4) the

harshness of a default judgment; and (5) whether the grounds for a default judgment

are clearly established; and, though not applicable in this case, (6) whether the

defendant's motion would oblige the Court to set aside the default.

Second, the Court assesses the merits of the plaintiff's claims and the sufficiency of the complaint. And third, the Court resolves any remaining issues regarding the requested amount of damages, if any, and other relief requested.

In making its determinations, a court is obliged to accept as true all well pleaded allegations of fact in the complaint. *McCune at *2.* Indeed, the Fifth Circuit has long established that "[t]he defendant, by his default, admits the plaintiff's well-pleaded allegations of fact." *Nishimatsu Constr. v. Hous. Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1995).

## V.    DISCUSSION OF DEFAULT JUDGMENT

### A.    There are no issues of material fact.

In the case at hand, the facts asserted in the complaint are well-pled. By failing to answer the complaint, the Defendant admits the well-pleaded factual allegations therein and "is barred from contesting on appeal the facts thus established." *Nishimatsu Const. Co.,* 515 F.2d at 1206. Once the Defendant is in default, the Court must accept as true all facts set forth in the complaint aside from those relating to damages. *See Frame v. S–H, Inc.,* 967 F.2d 194, 205 (5th Cir.1992).

### B.    There is no substantial prejudice or harshness of default judgment for Defendant.

The Defendant has not answered the complaint or otherwise defended this matter, after being properly served, nor have they indicated that they will appear or

otherwise respond. Taking the well-pled facts of the complaint as true, the Plaintiffs have asserted meritorious causes of action based upon the Defendant's calls to Plaintiffs.  *See* Dkt. #1, ¶¶ 1, 7, 8, and 9.

The Defendant has clearly opted not to appear after ample notice and has failed to answer the Plaintiffs' claims in any manner. This "dilatoriness and noncompliance establishes that any prejudice to the [Defendant] or harshness in entering default is clearly outweighed by the prejudice to the [P]laintiff if the Court fails to enter judgment in the [P]laintiff's favor."

### C.      The grounds for default are clearly established.

The record in this case clearly shows that Plaintiffs successfully perfected service of process on Defendant.   *See* Dkt. #5.  Defendant has not answered or otherwise responded to Plaintiff's Complaint.   The Clerk entered his Entry of Default against Defendant on January 17, 2024. *See* Dkt. #13; Fed. R. Civ. P. 55(a). Plaintiffs submit herewith an affidavit by their counsel outlining the statutory damages to be awarded. Exhibit A.   *See Twist & Shout Music v. Longneck Xpress, N.P.,* 441 F. Supp. 2d 782, 784 (E.D. Tex. 2006)(if "the amount of the judgment can be reliably computed from the record, no hearing is necessary" and default judgment may be entered by the court); *J&J Sports Prods., Inc. v. Rivera,* CIV.A. H-13-902, 2014 WL 3533472, at *1 (S.D. Tex. July 14, 2014)("[A] default judgment may be entered if the plaintiff's claim is for a sum certain or a sum which can be

made certain by computation; otherwise the court must hold a hearing **or review a demonstration by detailed affidavits where the damages are not . . . easily computed**.)(citations omitted)(emphasis added).  This Affidavit, together with the well-pled Complaint, taken as true, establishes the damages to which the Plaintiffs are entitled.  Thus, grounds for default are clearly established, and the Court may consider default judgment.

### D.    There is no excusable neglect or good faith mistake.

Again, the Defendant was properly served notice of the Complaint and has "failed entirely to respond."  Under these circumstances, the Court should find no good faith mistake or excusable neglect on Defendant's part. *See Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

### E.    There exist no facts in the record that would constitute good cause to set aside a default judgment.

From the evidence before this Court, including Plaintiff's counsel's declaration and the well-pled Complaint, taken as true, there exist no facts in the record "that would constitute good cause to set aside a default judgment" in this case.  *J&J Sports,* 2014 WL 3533472, at *2.  Thus, this Court should find that default judgment is appropriate here.  *See id.*

## VI.    DISCUSSION OF AND REQUEST FOR DAMAGES

### 1.  The TCPA Damages

Damages under the TCPA are set by statute.  Thus, Plaintiff seeks statutory damages.

Plaintiffs collectively seek default against Defendant in the amount of $9,000.00 for the willful violations of the TCPA by Defendant.  47 U.S.C. § 227(b)(1)(A)(iii); 47 U.S.C. § 227(b)(3).  This amount is comprised of $1,500.00 in TCPA statutory damages for each of six calls that were willful violations of Section 227(b)(1)(A)(iii) of the TCPA.  47 U.S.C. § 227(b)(1)(A)(iii); 47 U.S.C. § 227(b)(3).

The TCPA provides for a private right of action for violations of the TCPA's artificial or prerecorded voice prohibitions and further allows for a person claiming a violation of the TCPA to receive $500.00 in statutory damages for each such violation. *See* 47 U.S.C. § 227(b)(3)(B). The TCPA further provides that if the Court finds that the Defendant willfully or knowingly violated the TCPA, the Court may, in its discretion, increase the amount of the award to an amount equal to not more than three times the amount available ($500.00) under 47 U.S.C. § 227(b)(3)(B).  *See* 47 U.S.C. § 227(b)(3).  In this action, the Plaintiffs' Complaint, taken as true, establishes that the Defendant violated the TCPA's artificial or

prerecorded voice prohibitions on six separate occasions when it contacted Plaintiffs via their respective cellular phones.   Furthermore, Plaintiffs also plead (and have accordingly established by obtaining a default) that the Defendant acted willfully and knowingly in violating the TCPA. *See* Dkt. #1 ¶ 11.7.   Accordingly, they are entitled to the maximum $1,500.00 for each violation under 47 U.S.C. § 277(b)(3) (three times the $500 provided for in 47 U.S.C. § 277(b)(3)(B)).

### 2.  The Tex. Bus. & Com. Code Damages

Plaintiffs collectively seek default against Defendant in the amount of $30,000.00 for the violations of the Tex. Bus. & Com. Code by Defendant.   47 U.S.C. § 227(b)(1)(A)(iii); 47 U.S.C. § 227(b)(3).   This amount is comprised of $5,000.00 in statutory damages for each of six calls that were violations.

There is a private right of action available to enforce the provisions of Chapter 302. Tex. Bus. & Com. Code § 302.303(b); *See Guadian v. United Tax Defense LLC*, No. EP-23-CV-00349-KC, 2024 WL 140249, at *7 (W.D. Tex. Jan. 12, 2024); *see also Auguston v. Nat'l Admin. Serv. Co.*, No. 4:21-CV-819-ALM-KPJ, 2023 WL 1810397, at *8 (E.D. Tex. Jan. 11, 2023) ("While Texas Business and Commerce Code Section 302.101 itself does not provide a private right of action, Section 302.303 provides the plaintiff a private right of action to enforce violations of Section 302.101."), *report and recommendation adopted*, No. 4:21-CV-819-ALM-KPJ, 2023 WL 1802389 (E.D. Tex. Feb. 7, 2023). Other courts in this

Circuit have approved damages under both the TCPA and Chapter 302. *See Thomas v. Zenith Solar, LLC*, No. MO:22-CV-00047-DC-RCG, 2022 WL 17813168, at *4 (W.D. Tex. Aug. 1, 2022) (granting the plaintiff $1,500 under the TCPA and $5,000 under Chapter 302 for each violation), *report and recommendation adopted*, No. MO:22-CV-00047-DC, 2022 U.S. Dist. LEXIS 202853 (W.D. Tex. Aug. 24, 2022); *Thompson v. Dealer Renewal Servs.*, No. 4:21-CV-0467-P, 2021 WL 5416605, at *3 (N.D. Tex. Nov. 18, 2021) (granting the plaintiff damages under 47 U.S.C. § 227(b), 47 U.S.C. § 227(c), and Chapter 302).

As summary of the statutory damages is as follows:

|  | # of Calls | 227 (b) | TBCC 302.101 | |
|---|---|---|---|---|
| Michael Barack | 3 | $ 4,500.00 | $ 15,000.00 | $ 19,500.00 |
| Michelle Barack | 1 | $ 1,500.00 | $ 5,000.00 | $ 6,500.00 |
| Gerald Busbee | 2 | $ 3,000.00 | $ 10,000.00 | $ 13,000.00 |
| **Total** | | $ **9,000.00** | $ **30,000.00** | $ **39,000.00** |

Plaintiffs also seek recovery of their costs in this matter, in the amount of $402.00. This sum is supported by the Declaration of undersigned. *See* Exhibit A.

As stated previously, if the amount of the judgment can be reliably computed from the record, no hearing is necessary and default judgment may be entered by the Court. *Twist & Shout*, 441 F. Supp. 2d at 784. A default judgment may be entered if the Plaintiff's claim is for a sum that can be made certain by computation upon a review of detailed affidavits and other information put before

the Court.  *J&J Sports,* 2014 WL 3533472 at *1 (citations omitted). Plaintiff asserts

that the information provided in the Complaint and in Exhibit A filed herewith

(declaration of Mr. Miltenberger, counsel for Plaintiffs) allows this Court to

compute the damages to be paid to Plaintiffs by Defendant.

## VII.   CONCLUSION

Although Defendant was properly served in this action, Defendant has

failed to appear, plead, or otherwise defend in this matter.  The Clerk entered the

Entry of Default on January 17, 2024 (Dkt. #13).  Plaintiffs are now before this Court

and ask that their Motion for Default Judgment be granted, and judgment entered

against Defendant in the amount of $39,000, together with costs incurred in the

amount of $402.00, for a total of $39,402.00.

A proposed Order is included with this motion.

Respectfully submitted:

By:     */s/ Chris R. Miltenberger*
                Chris R. Miltenberger
                Texas State Bar Number 14171200
                Designated as Lead Attorney

The Law Office of Chris R. Miltenberger,
PLLC

1360 N. White Chapel, Suite 200
Southlake, Texas 76092
817-416-5060 (office)

817-416-5062 (fax)
chris@crmlawpractice.com

Attorney for Plaintiff

## **Certificate of Service**

The undersigned certifies that today, the foregoing document was filed electronically through the Court's CM/ECF system in compliance with the Local Rules.

By:     */s/ Chris R. Miltenberger*
              Chris R. Miltenberger