IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| MICHAEL BARACK, *et al.*, § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | Civil Action No. 4:23-cv-00615-O |
| § | |
| BANKROLL CAPITAL, INC., § | |
| § | |
| Defendant. § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is the Motion for Default Judgment (ECF No. 13) filed by Plaintiffs. By Order dated February 8, 2024, United States District Judge Reed O'Connor referred the Motion to the undersigned pursuant to 28 U.S.C. § 636(b)(1). ECF No. 14. After considering the Motion and applicable legal authorities, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** the Motion (ECF No. 13) and **ENTER default judgment** in favor of Plaintiffs.

**I.     BACKGROUND**

Plaintiffs allege that while they were on the Do Not Call Registry, Defendant Bankroll Capital Inc. ("Bankroll") made "prerecorded telemarketing calls marketing its business funding services" to Plaintiffs. ECF No. 1 at 7, 12. Plaintiff Michael Barack received Bankroll's prerecorded phone calls on his cell phone on March 31, April 26, and May 10, 2023. *Id.* at 8. Similarly, on March 31, 2023, Plaintiff Michelle Barack received a prerecorded call from Bankroll on her cell phone. *Id.* at 9. Finally, Plaintiff Gerald Busbee received Bankroll's prerecorded phone calls on his cell phone on April 27, and May 16, 2023. *Id.* at 10. None of the plaintiffs consented to receiving these calls. *Id.* at 8-10.

On June 16, 2023, Plaintiffs sued Bankroll for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") and provisions of the Texas Business & Commerce Code ("TBCC"). ECF No. 1. Plaintiffs properly effectuated service on Bankroll on June 20, 2023. ECF No. 5. Bankroll did not answer or otherwise appear in this action. On January 17, 2024, at Plaintiffs' request, the Clerk made an Entry of Default against Bankroll (ECF Nos. 11, 12), and it still has not attempted to defend itself against the complaint. Plaintiffs now moves for default judgment against Bankroll. ECF No. 13.

**II.    LEGAL STANDARD**

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. There are three stages to entry of default judgment. First, a default occurs "when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules." *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996); Fed. R. Civ. P. 55(a). Second, the Clerk may enter a defendant's default if it is "established by affidavit or otherwise." *Brown*, 84 F.3d at 141 (citing Fed. R. Civ. P. 55(a)). Third, if the Clerk enters default and the plaintiff's claim is not "for a sum certain or a sum that can be made certain by computation," the plaintiff must apply for a default judgment from the Court. Fed. R. Civ. P. 55(b)(1)-(2).

"[A] party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (internal quotation marks omitted). Rather, courts retain ultimate discretion to grant or deny default judgments. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

Courts use a three-pronged analysis to determine if default judgment is appropriate. *J & J Sports Prods., Inc. v. Morelia Mex. Rest., Inc.*, 126 F. Supp. 3d 809, 813 (N.D. Tex. 2015). First, courts ask if default judgment is procedurally warranted. *Id.* (citing *Lindsey*, 161 F.3d at 893). The

*Lindsey* factors inform this first inquiry. *Id*. Under *Lindsey*, the Court may consider whether: (1) material issues of fact exist; (2) there has been substantial prejudice; (3) the grounds for default are clearly established; (4) the default was caused by a good faith mistake or excusable neglect; (5) default judgment would be too harsh; and (6) the court would be obliged to set aside the default upon motion from the defendant. *Lindsey*, 161 F.3d at 893.

Second, courts analyze the substantive merits of the plaintiff's claims and ask if the pleadings establish a sufficient basis for default judgment. *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). The pleadings are sufficient if they satisfy Federal Rule of Civil Procedure 8. *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015); *see* Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). "The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Nishimatsu*, 515 F.2d at 1206. But the "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id.*

"Third, courts determine what form of relief, if any, the plaintiff should receive." *Morelia*, 126 F. Supp. 3d at 813. In making this determination, the Complaint's "well-pleaded factual allegations are taken as true, except regarding damages." *U.S. for Use of M-Co Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987); *see also Jackson v. FIE Corp.*, 302 F.3d 515, 525 & n.29 (5th Cir. 2002) ("If the court determines that defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.") (quoting 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 2688 at 58-59 & n.5 (3d ed. 1998)). At this juncture, courts often find it helpful to conduct a Rule 55(b)(2) hearing. *United Artists Corp. v. Freeman*, 605 F.2d 854, 857

(5th Cir. 1979) "The case law is clear that a judgment by default may not be entered without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation." *Id.*; *see also* Fed. R. Civ. P. 55(b)(2) (Courts may conduct a hearing on motions for default judgment if needed to "(A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter.").

While the Fifth Circuit has "adopted a policy in favor of resolving cases on their merits and against the use of default judgments[,]" this policy is "counterbalanced by considerations of social goals, justice and expediency, a weighing process . . . largely within the domain of the trial judge's discretion." *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 742 F.3d 576, 594 (5th Cir. 2014) (internal quotation marks and citation omitted) (quoting *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999)). But default judgment remains "a drastic remedy, not favored by the Federal Rules." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989); *see also Shipco*, 814 F.2d at 1014 ("[D]efault judgments are 'draconian' sanctions that the district court should impose only as a last resort.").

### III. ANALYSIS

To determine whether entry of a default judgment is proper, the Court applies a three-pronged inquiry. *See Morelia*, 126 F. Supp. 3d at 813. ECF No. 22 at 5-6. Having conducted the three-part analysis, the undersigned concludes that Judge O'Connor should grant the Motion.

### A. Default judgment is procedurally warranted.

Plaintiffs' claim survives the first of the three-pronged inquiry. Under *Lindsey*, courts consider six considerations. *See* 161 F.3d at 893. Here, each of the six supports default judgment. First, no material issues of fact remain on Plaintiffs' claims. Their pleadings state particular facts to show that Bankroll prerecorded telemarketing phone calls, and that Plaintiffs received such calls

4

on six occasions. *See supra* p. 1. Bankroll, by failing to answer the Complaint, admits them to be true. *Nishimatsu*, 515 F.2d at 1206.

Second, nothing here shows that the "substantial prejudice" requirement undermines Plaintiffs' entitlement to default judgment. *See Lindsey*, 161 F.3d at 893. The third and fourth elements also support default judgment because the grounds of Bankroll's default are clearly established, and nothing indicates that its default was due to "a good faith mistake or excusable neglect." *See Lindsey*, 161 F.3d at 893. To date Bankroll has not filed any pleadings with the Court, despite having abundant opportunities to do so. Accordingly, the fifth factor supports default judgment, as a judgment by default is not too harsh when the defaulting party has had every opportunity to plead its cause but did not do so. *Id.* Finally, given the clear satisfaction of the above elements, nothing indicates that the Court would "be obliged to set aside the default" upon motion from the defendant. *See id.*; *see also Moreno v. LG Elecs.*, 800 F.3d 692, 698 (5th Cir. 2015) (noting district courts are not obliged to set aside a default upon defendant's motion where "the default was willful, the plaintiff will be prejudiced, or the defendant has no meritorious defense").

With each of the six *Lindsey* factors supporting default judgment on Plaintiffs' claims, its claims survive the step-one analysis. *See Morelia*, 126 F. Supp. 3d at 813. At step two, the Court must examine the substantive merits of Plaintiffs' claims and determine whether the pleadings establish a sufficient basis for default judgment on each. *See Nishimatsu*, 515 F.2d at 1206. The Court finds that they do.

    **B.**    **Plaintiffs' pleadings establish a sufficient basis for default judgment.**

        1.    <u>Plaintiffs stated a TCPA claim.</u>

The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using . . . an artificial or

prerecorded voice . . . to any telephone number assigned to a . . . , cellular telephone service[.]" 47 U.S.C. §227(b)(1)(A)(iii). "A willful or knowing violation does not require bad faith, but only that the person have reason to know, or should have known, that his conduct would violate the statute." *Hunsinger v. 204S6TH LLC*, No. 3:21-CV-2847-G-BH, 2022 WL 1110354, at *9 (N.D. Tex. Mar. 23, 2022), *rec. adopted*, No. 3:21-CV-2847-G-BH, 2022 WL 1102864 (N.D. Tex. Apr. 13, 2022).

Plaintiffs allege that Bankroll placed or caused to be placed prerecorded telemarketing phone calls to Plaintiffs' cell phones without their prior consent. ECF No. 1 at 16-17. They allege that Bankroll's violations were willful because "the [callback] number left by [Bankroll] does not connect with a person, only the same recording that was initially left by [Bankroll]" so as to remain anonymous for purposes of evading recipients who may want to enforce their TCPA rights. *Id.* at 11. Thus, they allege that Bankroll's actions were willful. Moreover, six violative phone calls to three different numbers over a three-month period indicates a willful pattern of practice. *See Thompson v. Dealer Renewal Servs.*, No. 4:21-CV-0467-P, 2021 WL 5416605, at *2 (N.D. Tex. Nov. 18, 2021) ("the pattern and method of the violations indicate that such violations occurred willfully"). Accordingly, Plaintiffs have stated a claim that Bankroll willfully violated the TCPA.

### 2.   Plaintiffs stated a TBCC claim.

Under the TBCC, "[a] seller may not make a telephone solicitation from a location in this state or to a purchaser located in this state unless the seller holds a registration certificate for the business location from which the telephone solicitation is made." Tex. Bus. & Com. Code § 302.101. A "Seller" is "a person who makes a telephone solicitation on the person's own behalf." A "purchaser" is a person who is "solicited to become or becomes obligated for the purchase or rental of an item; or is offered an opportunity to claim or receive an item." And a "telephone solicitation" is "a telephone call a seller . . . initiates to induce a person to purchase, rent, claim, or

6

receive an item." Tex. Bus. & Com. Code §§ 302.001(3), (5), (7). Plaintiffs allege that Bankroll failed to register pursuant to Section 302.101 of the TBCC and placed telephone solicitations "from a location in Texas or to Plaintiffs[.]" ECF No. 1 at 19-20. Therefore, they have stated a claim that Bankroll violated Section 302.101 of the TBCC.

   **C. Plaintiffs should receive a declaratory judgment.**

  Default judgment is appropriate against Bankroll. But the Court's inquiry does not end there. Having concluded default judgment is proper, the Court must now "determine what form of relief, if any, the plaintiff should receive." *Morelia*, 126 F. Supp. 3d at 814. This is the only step in the inquiry where the Court does not assume the truth of the pleadings. *See Shipco*, 814 F.2d at 1014 ("After a default judgment, the plaintiff's well-pleaded factual allegations are taken as true, except regarding damages."). Generally, a plaintiff cannot summarily provide the Court with figures for damages or attorney's fees without explanation. Rather, they must "establish[] the necessary facts," either through detailed affidavits or an evidentiary hearing, to make the amount "capable of mathematical calculation." *United Artists*, 605 F.2d at 857.

  Here, Plaintiffs only seek statutory damages that are readily calculable, and they provide such calculations in their Motion. ECF No. 13 at 11. So, there is no need for an evidentiary hearing. The TCPA provides a private right of action which allows the person claiming the violation "to receive $500 in damages for each such violation," and "if the court finds that the defendant willfully or knowingly violated" the TCPA, "the court may, in its discretion, increase the amount of the award" up to $1,500.00. 47 U.S.C. §227(b)(3). Section 302.302 of the TBCC provides a private cause of action to enforce the provisions of Chapter 302, for "a civil penalty of not more than $5,000 for each violation." Tex. Bus. & Com. Code § 302.302. Moreover, a plaintiff may recover damages under both the TCPA and §302.101 of the TBCC. *See Thompson*, 2021 WL

7

5416605, at *3; *Noviello v. Adam Wines Consulting, LLC*, No. 3:22-CV-52-BN, 2023 WL 2776696, at *2 (N.D. Tex. Apr. 4, 2023) (Precedent well-establishes "the ability for TCPA plaintiffs to recover for multiple violations arising out of a single call[.]") (collecting cases).

Plaintiffs seek the maximum penalties under the TCPA and TBCC, so altogether they seek $6,500.00 per call. ECF No. 13. Plaintiffs allege that Mr. Barack received three calls, Mrs. Barack received one call, and Mr. Busbee received two calls. ECF No. 1 at 8-10. Thus, they are entitled to $19,500.00, $6,500.00, and $13,000.00, respectively, or $39,000.00 total. This figure keeps with the precedent of other courts in this Circuit. *See Thompson*, 2021 WL 5416605, at *3; *Thomas v. Zenith Solar, LLC*, No. MO22CV00047DCRCG, 2022 WL 17813168, at *3 (W.D. Tex. Aug. 1, 2022); *Guadian v. United Tax Def. LLC*, No. EP-23-CV-00349-KC, 2024 WL 140249, at *7 (W.D. Tex. Jan. 12, 2024).

Plaintiffs also seek to recover their filing fee. "The party bringing the action also is entitled to recover all reasonable costs of prosecuting the action, including court costs[.]" Tex. Bus. & Com. Code § 302.302. Court costs includes Plaintiffs' filing fee. *Guadian*, 2024 WL 140249, at *7. Thus, Plaintiffs are entitled to recover $402.00 in court costs.

## IV. CONCLUSION

For these reasons, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** Plaintiffs' Motion (ECF No. 13), **ENTER default judgment** in their favor against Defendant Bankroll Capital Inc. in the amount of $39,000.00, plus $402.00 in costs.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must

identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

    **SIGNED** on May 30, 2024.

*[signature]*
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE